# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09CV483-MU-02

| | |
|---|---|
| **WILLIAM JASPER GOODMAN, JR.,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **ROBERT C. LEWIS,** Director of ) | |
| N.C. Prisons, ) | |
| Respondents. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (document # 1), filed November 9 2009.

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the form-Petition along with other pertinent documents, Petitioner pled guilty to possession of marijuana and driving while intoxicated in the Superior Court of Gaston County.

Eventually, Petitioner was retried[1] and found guilty of second-degree murder by a Gaston County jury.  In May 2004, that Court sentenced Petitioner to a total presumptive term of 251 to 311 months imprisonment. Petitioner's convictions and sentence were affirmed on direct appeal.  North Carolina v. Goodman, 172 N.C. App. 172 (August 2, 2005).  Similarly, the State Supreme Court denied Petitioner's Petition for Discretionary Review, North Carolina v. Goodman, 360 N.C. 70 (Nov. 3, 2005), thereby concluding Petitioner's pursuit of direct review as he did not seek certiorari review in the U.S. Supreme Court.

Instead, after a nine month delay, Petitioner began his pursuit of collateral review on November 13, 2006, by filing a Motion for Appropriate Relief in the Superior Court of Gaston County.  After that Petition was denied, Petitioner sought certiorari review, but the State Court of Appeals also denied that Petition on December 8, 2006.  On December 28, 2006, the State Supreme Court denied his Petition for Discretionary Review. Nevertheless, more than two years later, Petitioner went back to the State Supreme on March 2, 2009 with a second Petition for Discretionary Review.  However, inasmuch as that second Petition sought to raise the same claims which previously were rejected in

---

[1] Petitioner's first trial ended in a jury conviction for second-degree murder.  However, the Supreme Court of North Carolina reversed the North Carolina Court of Appeals' finding of mere sentencing error and awarded Petitioner a new trial upon a determination that the trial court had erroneously permitted the State to tell the jury about certain stale driving convictions during the trial.  See North Carolina v. Goodman, 357 N.C. 43 (2003).

2

the first Petition, the State Supreme Court did not even entertain it, but quickly dismissed the Petition on March 19, 2009.

Petitioner now has come to this Court on this federal Petition challenging his State court proceedings. Nevertheless, this Court has determined that said Petition must be summarily <u>dismissed</u>.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, after he was convicted Petitioner's appeal was rejected by Order filed August 2, 2005, and his Petition for Discretionary Review was rejected by the State Supreme Court on November 3, 2005. Because Petitioner did not seek any further direct review in the U.S. Supreme Court, his convictions and sentence became final on February 3, 2006, i.e., at the expiration of the 90-day period during which he could have sought such further review. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought). Based upon the foregoing, in the absence of any relevant intervening circumstances, Petitioner had up to and including February 3, 2007, in which to file the instant federal Petition. See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see also 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review."). Obviously, Petitioner did not meet that February 2007 deadline.

Instead, after Petitioner's convictions and sentence became final on February 3, 2006, he allowed more than 283 days of his one-year limitations period to elapse before he commenced his pursuit of collateral review by filing his MAR on November 13, 2006, thereby stopping the clock on that limitations period. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year period). However, Petitioner's one-year clock resumed running 45 days later on December 29, 2006 after his collateral review was concluded by the State Supreme Court's denial of his first and only properly filed Petition for Discretionary Review. Thereafter, Petitioner's one-year period fully expired on March 21, 2007.

Furthermore, although the Court is aware that Petitioner filed a second, essentially successive, Petition for Discretionary Review in March 2009, that Petition cannot be deemed "properly filed" so as to extend Petitioner's one-year deadline under AEDPA because such Petition was not timely filed in accordance with State law. Indeed, North Carolina law requires that petitions for discretionary review -- by which review is sought for a decision of the State Court of Appeals -- be filed within 15 days of the entry of the Court of Appeals' mandate. See N.C. R.App.P., Rule 15(b).

5

Inasmuch as the State Court of Appeals' denial of Petitioner's MAR was entered on December 8, 2006, Petitioner's second Petition for Discretionary Review, filed March 2, 2009, simply could not breathe new life into a limitations period which already had expired on March 21, 2007. See Minter, supra.

Moreover, the Court has determined that even if Petitioner's second Petition for Discretionary Review could be construed as having been "properly filed" for AEDPA purposes, that fact still could not rescue the instant untimely filed Petition. That is, even if Petitioner's one-year limitations period remained tolled all the way up to and including March 19, 2009 -- the date on which his second Petition was denied, the one-year clock would have resumed running on March 20, 2009 and completely expired on May 4, 2009. Therefore, because Petitioner did not file this § 2254 Petition until six months after the passage of this more favorable deadline, his Petition must be deemed time-barred.

Nevertheless, question 18[2] on § 2254 form-Petition prompts

---

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that Petitioner addressed the timeliness of his Petition -- albeit, unsuccessfully, this Court

6

petitioners whose judgments of conviction became final more than a year before the initiation of their habeas Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [their] Petition[s]."  To that end, Petitioner advises the Court that his Petition is timely under 28 U.S.C. § 2244(d) because:

> [A]fter his finality of his conviction in 2005 has filed numerous motions and Petitions to the State Cts, [sic] which the last one (Petition for Discretionary Review under N.C.G.S. 7A-31) was dismissed on or about the 19th day of March 2009. Layman Petitioner has tried (in his brief) to show: His unconstitutional/unlawful conviction by way of unreasonable application of the established laws by the U.S. Supreme Cts. [sic] in the State Cts. [sic].

However, as the Court already has determined, Petitioner's untimely filing of his second Petition for Discretionary Review simply cannot render this federal Petition timely filed.

Likewise, the Court is aware that equitable tolling of the AEDPA statute of limitations is allowed in "rare instances where–-due to circumstances external to the party's own conduct–-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc).  Here, however, Petitioner has not articulated any such rare circumstances for equitable tolling. Indeed, other than Petitioner's explanation which evidences his

---

concludes that no further warning is required for him.

mistaken reliance upon the filing of his second Petition for Discretionary Review, he has not offered any basis for this Court to conclude that it would be unconscionable to enforce the limitations period and that a gross injustice will result from such enforcement.

Finally, the Court also is aware of the Fourth Circuit's decision in <u>Bilal v. North Carolina</u>, 287 Fed. App'x 241 (4th Cir. July 18 2008), in which the Court -- specifically limiting its holding to the facts of that case –- concluded that this Court's <u>sua sponte</u> dismissal of a § 2254 Petition was premature. However, this case is factually distinguishable from <u>Bilal</u>.

In <u>Bilal</u>, the petitioner responded to question 18 on his form petition with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status. Here, Petitioner provided a baseless explanation for his delay. Moreover, unlike <u>Bilal</u>, this case does not involve a mere 30-day delay. Rather the more favorable set of calculations involves a delay of at least six months from the date Petitioner's one-year limitations period expired until the date he filed this Petition, and the less favorable calculations involve a delay of approximately two years. As such, this Court finds <u>Bilal</u> inapplicable here. In sum, therefore, the undersigned finds that Petitioner's untimeliness stands as an absolute bar to his entitlement to federal review.

### III. CONCLUSION

The Court has determined that the instant Petition was untimely filed without excuse; therefore, such Petition must be dismissed.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Petitioner's Petition for a Writ of Habeas Corpus (document # 1) is **DENIED and DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: November 12, 2009

Graham C. Mullen
United States District Judge